UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

SHERILYN LARAINE BARILANI,
ZCB, a minor, dob: 8/5/05,
ACB, a minor, dob: 8/5/05,
ALB, a minor, dob: 10/28/06,
GMAB, a minor, dob: 1/15/12,

    Plaintiffs,

WISCONSIN DEPARTMENT OF HEALTH SERVICES,

    Involuntary Plaintiff,

v.

HOUSING AUTHORITY OF THE CITY OF EAU CLAIRE,
KEITH D. JOHNATHAN, and ABC INSURANCE COMPANY,

    Defendants.

21-CV-113

---

## AMENDED ANSWER & AFFIRMATIVE DEFENSES

---

NOW COME the defendants Housing Authority of the City of Eau Claire and Keith D. Johnathan, by their counsel, Corneille Law Group, LLC, and for their Amended Answer and Affirmative Defenses to plaintiffs' Complaint, hereby admit, deny, and affirmatively allege as follows:

**PARTIES**

1. In response to Paragraph 1 of the Complaint, these answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained therein and so deny and leave plaintiffs to their proof.

2. In response to Paragraph 2 of the Complaint, upon information and belief, admit that Wisconsin Department of Health Services is an agency of the State of Wisconsin with the address as listed in the Complaint.

3. In response to Paragraph 3 of the Complaint, these answering defendants admit that that the Housing Authority of the City of Eau Claire ("ECHA") is a public housing agency with the address as listed in the Complaint.

4. In response to Paragraph 4 of the Complaint, these answering defendants admit that Keith Johnathan is the Executive Director of ECHA. Answering defendants deny all further allegations in said paragraph. Answering defendants affirmatively assert that Mr. Johnathan is not a proper party to this dispute.

5. In response to Paragraph 5 of the Complaint, these answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained therein and so deny and leave plaintiffs to their proof.

## JURISDICTION AND VENUE

6. In response to Paragraphs 6 through 8 of the Complaint, these answering defendants affirmatively assert that said paragraphs contain legal conclusions to which no response is required; to the extent a response is required, these answering defendants deny the allegations contained therein.

## FACTS

7. In response to Paragraphs 9 through 34 of the Complaint, these answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained therein and so deny and leave plaintiffs to their proof.

8. In response to Paragraphs 35 through 39 of the Complaint, these answering defendants deny the allegations contained therein.

9. In response to Paragraphs 36 through 39 of the Complaint, these answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained therein and so deny and leave plaintiffs to their proof.

10. In response to Paragraphs 40 through 42 of the Complaint, these answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained therein and so deny and leave plaintiffs to their proof.

11. In response to Paragraphs 43 through 47 of the Complaint, these answering defendants deny that they are liable to plaintiffs in any respect for the injuries alleged. As to the remaining allegations in these paragraphs, these answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained therein and so deny and leave plaintiffs to their proof.

12. In response to Paragraph 48 of the Complaint, these answering defendants affirmatively assert that said paragraph contains legal conclusions to which no response is required; to the extent a response is required, these answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained therein and so deny and leave plaintiffs to their proof.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983; DEPRIVATION OF RIGHTS UNDER 42 U.S.C. § 1437 *et seq.***
**BOTH DEFENDANTS**

13. In response to Paragraph 49 of the Complaint, these answering defendants reassert paragraphs 1 through 12 of this Answer as if more fully set forth herein.

14. In response to Paragraphs 50 through 53 of the Complaint, these answering defendants affirmatively assert that said paragraphs contain legal conclusions to which no response is required; to the extent a response is required, these answering defendants deny that they violated the legal rights of plaintiffs and further deny that they violated any federal, state, or local laws

and/or regulations in any respect. Moreover, answering defendants affirmatively assert that Mr. Johnathan is not a proper party to this dispute.

15. In response to Paragraphs 54 through 56 of the Complaint, these answering defendants admit that the laws and regulations quoted therein contain the relevant excerpts as cited in said paragraphs; however, these answering defendants deny that they violated the legal rights of plaintiffs and further deny that they violated any federal, state, or local laws and/or regulations in any respect, including those quoted in said paragraphs. Moreover, answering defendants affirmatively assert that Mr. Johnathan is not a proper party to this dispute.

16. In response to Paragraphs 57 through 59, these answering defendants affirmatively assert that said paragraphs contain legal conclusions to which no response is required; to the extent a response is required, these answering defendants deny that they violated the legal rights of plaintiffs and further deny that they violated any federal, state, or local laws and/or regulations in any respect. Moreover, answering defendants affirmatively assert that Mr. Johnathan is not a proper party to this dispute.

17. In response to Paragraphs 60 through 63, these answering defendants admit that the laws and regulations quoted therein contain the relevant excerpts as cited in said paragraphs; however, these answering defendants deny that they violated the legal rights of plaintiffs and further deny that they violated any federal, state, or local laws and/or regulations in any respect, including those quoted in said paragraphs. Moreover, answering defendants affirmatively assert that Mr. Johnathan is not a proper party to this dispute.

18. In response to Paragraphs 64 through 67, these answering defendants affirmatively assert that said paragraphs contain legal conclusions to which no response is required; to the extent a response is required, these answering defendants deny that they violated the legal rights of plaintiffs and further deny that they violated any federal, state, or local laws and/or regulations in

any respect. Moreover, answering defendants affirmatively assert that Mr. Johnathan is not a proper party to this dispute.

19. In response to Paragraphs 68 through 72, these answering defendants deny that they violated the legal rights of plaintiffs and further deny that they violated any federal, state, or local laws and/or regulations in any respect.  These answering defendants further deny that they are liable to plaintiffs in any respect for the injuries alleged.  Moreover, answering defendants affirmatively assert that Mr. Johnathan is not a proper party to this dispute. As to the remaining allegations in these paragraphs, these answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained therein and so deny and leave plaintiffs to their proof.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1983; VIOLATION OF SUBSTANTIVE RIGHT TO DUE PROCESS
## BOTH DEFENDANTS

20. In response to Paragraphs 73 of the Complaint, these answering defendants reassert paragraphs 1 through 19 of this Answer as if more fully set forth herein.

21. In response to Paragraphs 74 through 76 of the Complaint, these answering defendants affirmatively assert that said paragraphs contain legal conclusions to which no response is required; to the extent a response is required, these answering defendants deny that they violated the legal rights of plaintiffs and further deny that they violated any federal, state, or local laws and/or regulations in any respect. Moreover, answering defendants affirmatively assert that Mr. Johnathan is not a proper party to this dispute.

22. In response to Paragraphs 77 through 84 of the Complaint, these answering defendants affirmatively assert that said paragraphs contain legal conclusions to which no response is required; to the extent a response is required, these answering defendants deny the allegations contained therein.  These answering defendants further deny that they violated the legal rights of

plaintiffs and further deny that they violated any federal, state, or local laws and/or regulations in any respect. Moreover, answering defendants affirmatively assert that Mr. Johnathan is not a proper party to this dispute.

23.     In response to Paragraphs 84 through 90 of the Complaint, these answering defendants affirmatively assert that said paragraphs contain legal conclusions to which no response is required; to the extent a response is required, these answering defendants deny the allegations contained therein and deny that they are liable to plaintiffs for any alleged damages. These answering defendants further deny that they violated the legal rights of plaintiffs and further deny that they violated any federal, state, or local laws and/or regulations in any respect. Moreover, answering defendants affirmatively assert that Mr. Johnathan is not a proper party to this dispute.

24.     In response to Paragraphs 91 through 95 of the Complaint, these answering defendants deny that they violated the legal rights of plaintiffs and further deny that they violated any federal, state, or local laws and/or regulations in any respect. These answering defendants further deny that they are liable to plaintiffs in any respect for the injuries alleged. Moreover, answering defendants affirmatively assert that Mr. Johnathan is not a proper party to this dispute. As to the remaining allegations in these paragraphs, these answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained therein and so deny and leave plaintiffs to their proof.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF WIS. STAT. § 704.07**
**BOTH DEFENDANTS**

25.     In response to Paragraph 96 of the Complaint, these answering defendants reassert paragraphs 1 through 24 of this Answer as if more fully set forth herein.

26.     In response to Paragraphs 97 through 101 of this Complaint, these answering defendants affirmatively assert that said paragraphs contain legal conclusions to which no response

is required; to the extent a response is required, these answering defendants deny the allegations contained therein. These answering defendants further deny that they violated the legal rights of plaintiffs and further deny that they violated any federal, state, or local laws and/or regulations in any respect. Moreover, answering defendants affirmatively assert that Mr. Johnathan is not a proper party to this dispute.

27. In response to Paragraph 102 of the Complaint, these answering defendants deny that they violated the legal rights of plaintiffs and further deny that they violated any federal, state, or local laws and/or regulations in any respect. These answering defendants further deny that they are liable to plaintiffs in any respect for the injuries alleged. Moreover, answering defendants affirmatively assert that Mr. Johnathan is not a proper party to this dispute. As to the remaining allegations in these paragraphs, these answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained therein and so deny and leave plaintiffs to their proof.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF WIS. ADMIN. CODE ATCP § 134.04(2)(B)(4)
## BOTH DEFENDANTS

28. In response to Paragraph 103 of the Complaint, these answering defendants reassert paragraphs 1 through 27 of this Answer as if more fully set forth herein.

29. In response to Paragraphs 104 through 106 of this Complaint, these answering defendants affirmatively assert that said paragraphs contain legal conclusions to which no response is required; to the extent a response is required, these answering defendants deny the allegations contained therein. These answering defendants further deny that they violated the legal rights of plaintiffs and further deny that they violated any federal, state, or local laws and/or regulations in any respect. Moreover, answering defendants affirmatively assert that Mr. Johnathan is not a proper party to this dispute.

30. In response to Paragraphs 107 through 110 of the Complaint, these answering defendants deny that they violated the legal rights of plaintiffs and further deny that they violated any federal, state, or local laws and/or regulations in any respect. These answering defendants further deny that they are liable to plaintiffs in any respect for the injuries alleged. Moreover, answering defendants affirmatively assert that Mr. Johnathan is not a proper party to this dispute. As to the remaining allegations in these paragraphs, these answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained therein and so deny and leave plaintiffs to their proof.

**FIFTH CLAIM FOR RELIEF**
**BREACH OF CONTRACT**
**DEFENDANTS ECHA AND INSURANCE CO. ONLY**

31. In response to Paragraph 111 of the Complaint, these answering defendants reassert paragraphs 1 through 30 of this Answer as if more fully set forth herein.

32. In response to Paragraph 112 of the Complaint, these answering defendants, upon information and belief, admit that plaintiffs entered into a lease agreement with ECHA for the years alleged; however, affirmatively assert that said lease is subject to all terms set forth in the lease and deny any allegations inconsistent with the terms of that lease and deny that answering defendants violated the lease in any respect.

33. In response to Paragraphs 113 through 115 of the Complaint, these answering defendants affirmatively assert that the terms of the lease speak for themselves and deny any statements or allegations that are inconsistent with the terms of the lease. These answering defendants further deny that they violated the terms of the lease in any respect.

34. In response to Paragraphs 116 through 120 of the Complaint, these answering defendants affirmatively assert that said paragraphs contain legal conclusions to which no response is required; to the extent a response is required, these answering defendants deny the allegations

contained therein.  These answering defendants further deny that they violated the legal rights of plaintiffs and further deny that they violated the terms of the lease or that they violated any federal, state, or local laws and/or regulations in any respect.

35. In response to Paragraph 121 of the Complaint, these answering defendants deny that they violated the legal rights of plaintiffs and further deny that they violated any federal, state, or local laws and/or regulations in any respect.  These answering defendants further deny that they are liable to plaintiffs in any respect for the injuries alleged.  As to the remaining allegations in these paragraphs, these answering defendants lack knowledge or information sufficient to form a belief as to the allegations contained therein and so deny and leave plaintiffs to their proof.

## **AFFIRMATIVE DEFENSES**

1. Re-assert as if more fully set forth herein paragraphs 1-35 of this Answer.

2. As and for their first affirmative defense, these answering defendants assert that plaintiffs may have failed to join a necessary party.

3. As and for their second affirmative defense, these answering defendants assert that plaintiffs may have failed to mitigate their damages.

4. As and for their third affirmative defense, these answering defendants assert that plaintiffs may have failed to state a claim upon which relief can be granted in one or more respects.

5. As and for their fourth affirmative defense, these answering defendants assert that plaintiffs' alleged damages may have been caused by an intervening or superseding cause over which these defendants had no control.

6. As and for their fifth affirmative defense, these answering defendants assert that plaintiffs' alleged damages may have been the direct and proximate result of acts or omissions of third persons or entities, for which these defendants cannot be held liable.

7. As and for their sixth affirmative defense, these answering defendants assert that plaintiffs' alleged damages may have been caused by persons and/or events or the natural progression of plaintiffs' preexisting conditions or injuries, over which these defendants had no control and for which these defendants are not liable.

8. As and for their seventh affirmative defense, these answering defendants assert that plaintiffs may have failed to exercise due care for their own safety and that said failure caused their injuries.

9. As and for their eighth affirmative defense, these answering defendants hereby allege and incorporate by reference the defenses set forth in Wis. Stat. §§ 802.02(3) and 802.06(2) so as to avoid waiver of the same.

10. As and for their ninth affirmative defenses, these answering defendants assert that plaintiffs' claims may be barred by the doctrine of qualified immunity.

11. As and for their tenth affirmative defense, these answering defendants assert that plaintiffs' claims may be barred by the doctrine of sovereign immunity.

12. As and for their eleventh affirmative defense, these answering defendants assert that plaintiffs' claims may be barred by the provisions of Wis. Stat. § 893.80(4) or common law immunity.

13. As and for their twelfth affirmative defense, these answering defendants assert that plaintiffs' claims may be barred by the doctrine of supervisory immunity.

14. As and for their thirteenth affirmative defense, these answering defendants assert that plaintiffs' claims may be barred by the Eleventh Amendment to the United States Constitution.

15. As and for their fourteenth affirmative defense, these answering defendants assert that plaintiffs' claims may be barred by the applicable statute of limitations.

16. As and for their fifteenth affirmative defense, these answering defendants assert that plaintiffs' damages are capped at $50,000 pursuant to the provisions of Wis. Stat. § 893.80.

17. These answering defendants reserve the right to plead additional affirmative defenses as required by discovery.

Dated this 6th day of April 2021.

                                                **CORNEILLE LAW GROUP, LLC**

                                                *Electronically Signed by: John H. Healy*
                                                John H. Healy
                                                State Bar No. 1062960
                                                Samuel G. Morris
                                                State Bar No. 1113799
                                                Attorneys for Defendants Housing Authority of the
                                                City of Eau Claire and Keith D. Johnathan

7618 Westward Way, Suite 100
Madison, WI 53717
(608) 662-1180
(608) 662-1181 Fax